IN THE MATTER OF: T.M.M.

No. COA04-17

(Filed 4 January 2005)

**Child Abuse and Neglect— neglect—failure to distinguish between findings of fact and conclusions of law—clear, cogent, and convincing evidence**

The trial court erred in a child neglect case by adjudicating respondent mother's minor child as neglected and dependent and the case is remanded for further proceedings, because: (1) the order does not distinguish between findings of fact and conclusions of law and does not reference any of the several statutory grounds for determining neglect; (2) the trial court relied upon the adjudication of respondent's other two children as neglected in determining that the youngest child was neglected and dependent; and (3) the fact that the order for the two older children has been remanded for adequate findings of fact and conclusions of

**IN RE T.M.M.**

[167 N.C. App. 801 (2005)]

law means the trial court's determination in this case is not supported by clear, cogent, and convincing evidence.

Appeal by respondent from an order entered 2 April 2003 by Judge P. Gwynett Hilburn in Pitt County District Court. Heard in the Court of Appeals 12 October 2004.

*Pitt County Legal Department, by Janis Gallagher, for petitioner-appellee Pitt County Department of Social Services.*

*Wanda Naylor for Guardian ad Litem.*

*Gaylord, McNally, Strickland & Holscher, by Emma Holscher, for respondent-appellee Octavious Matthews.*

*Terry F. Rose for respondent-appellant Erica Moore.*

HUNTER, Judge.

E.M., the mother of T.M., appeals from the trial court's order adjudicating T.M. neglected and dependent on 2 April 2003. T.M. was born on 12 June 2002 and was removed from his mother's care the next day. A petition alleging T.M. was a neglected and dependent juvenile was filed on 13 June 2002 and amended on 18 June 2002. The adjudication and disposition hearing was held on 6 March 2003.

At the hearing, the Pitt County Department of Social Services ("DSS") asked the court to take judicial notice of court orders and evidence submitted in the matters of T.S. and S.M., the older siblings of T.M. After taking judicial notice, the trial court adjudged T.M. neglected and dependent and "adopt[ed] the findings in the orders entered by the judges" in the prior orders. After the written order was filed on 2 April 2003, the mother appealed.

T.S. and S.M. had been adjudicated neglected on 22 January 2002 and custody had been granted to DSS. The mother appealed the 22 January 2002 order. On 20 April 2004, this Court rendered an opinion in *In re T.S.*, 163 N.C. App. 783, 595 S.E.2d 239 (2004) (unpublished) in which we held: "[T]his Court remands the case to the trial court 'with instructions to make ultimate findings of fact based on the evidence and to enter clear and specific conclusions of law based on the findings of fact.' " *Id.* (quoting *In re Gleisner*, 141 N.C. App. 475, 480-81, 539 S.E.2d 362, 366 (2000)) In our analysis, we stated:

When reviewing an adjudication of neglect, our Court must determine whether the trial court's findings of fact are supported

by clear and convincing evidence and whether the trial court's conclusions of law are supported by those findings of fact. *In re Gleisner*, 141 N.C. App. 475, 480, 539 S.E.2d 362, 365 (2000). In the case before us, the trial court's order did not distinguish between findings of fact and conclusions of law, thus hindering the ability of this Court to conduct a review of the trial court's reasoning in determining the children were neglected. *Id.* at 480-81, 539 S.E.2d at 366. The better practice would have been for the trial court to distinguish its findings of fact from its conclusions of law so that this Court could conduct a meaningful review.

After determining what appears to be the trial court's conclusions of law, we find that the trial court summarily declared the children to be neglected, but made no reference to the statutory basis for its conclusion, nor did it cite any one incident or a series of incidents as a basis for its determination of neglect. N.C.G.S. § 7B-101(15) provides several grounds for determining neglect; however, the trial court made no reference to the statutory grounds.

*In re T.S.*, 163 N.C. App. 783, 595 S.E.2d 239.

Similarly, the order in this case does not distinguish between findings of fact and conclusions of law and does not reference any of the several statutory grounds for determining neglect. Moreover, the trial court relied upon the adjudication of T.S. and S.M. as neglected in determining T.M. was neglected and dependent. Specifically, the trial court stated in its order: "19. That the court had previously found by clear, cogent and convincing evidence that respondent mother was unable to provide a safe and appropriate home her two other children; and respondent mother provided no other appropriate, alternative plan of care for this juvenile." The trial court also incorporated the contents of the juvenile files regarding T.S. and S.M. into its order and included several facts from the 22 January 2002 order in the order at issue in this case. As this Court has determined the 22 January 2002 order was deficient because it did not contain ultimate findings of fact and specific conclusions of law, we conclude the trial court's determination that T.M. was neglected and dependent, based upon an order which has been remanded for adequate findings of fact and conclusions of law, is not supported by clear, cogent and convincing evidence. Moreover, we conclude that several of the problems identified by this Court in its 20 April 2004 opinion in *In re T.S.*, are present in the trial court's order in this case. Specifically, the order does not dis-

tinguish between the findings of fact and conclusions of law and the trial court does not reference any of the statutory grounds for a neglect determination. Accordingly, we remand for further proceedings consistent with this opinion.

Remanded.

Judges WYNN and THORNBURG concur.

Judge Thornburg concurred in this opinion prior to 31 December 2004.